UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTOINE SHOCKLEY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 4:24-CV-00771 SEP |
| | ) |
| MILLS PROPERTIES, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's motion for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Doc. [2]. After considering the financial information provided, the Court finds that Plaintiff is unable to pay any portion of the filing fee, and he will therefore be granted leave to proceed *in forma pauperis*. The Court will also dismiss Plaintiff's claim for discrimination based on color pursuant to Title VII of the Civil Rights Act of 1964 for failure to exhaust his administrative remedies. The Court will issue process on Plaintiff's remaining claims.

**28 U.S.C. § 1915(e)**

The Court is required to review a complaint filed *in forma pauperis* and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If a court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. That standard "demands more than an unadorned, the-defendant-

unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)). Still, even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE COMPLAINT

Plaintiff brings this action against his former employer, Mills Properties, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*., and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq*. Plaintiff alleges that he was subjected to a hostile work environment and harassment, that he was retaliated against for engaging in protected activity, and that his employment was unlawfully terminated. In his Complaint, he alleges discrimination based on his race (Black), color, and age.

In Plaintiff's Charge of Discrimination filed with the Equal Employment Opportunity Commission, which is attached to his Complaint, he asserted discrimination based on his age and race, but he did not allege discrimination based on color. He also asserted that he was subjected to retaliation after complaining of discriminatory conduct at his workplace. Finally, though Plaintiff did not explicitly state in his Charge that he was complaining of a hostile work environment and harassment, he noted that he was subjected to "derogatory" and "constant"

"verbal and manipulative attacks on a daily basis." Doc. [1-1] at 2. The Court will interpret this language in the Charge to be asserting a hostile work environment/harassment claim.

## DISCUSSION

"[T]he sweep of any subsequent judicial complaint may be as broad as the scope of the EEOC 'investigation which could reasonably be expected to grow out of the charge of discrimination.'" *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988) (quoting *Griffin v. Carlin,* 755 F.2d 1516, 1522 (11th Cir. 1985)). "Allegations outside the scope of the EEOC charge . . . circumscribe the EEOC's investigatory and conciliatory role, and for that reason are not allowed." *Kells v. Sinclair Buick-GMC Truck, Inc.*, 210 F.3d 827, 836 (8th Cir. 2000); *see also Duncan v. Delta Consolidated Indus., Inc.*, 371 F.3d 1020, 1024 (8th Cir. 2004) (a plaintiff's claims must be "like or reasonably related to" the claims outlined in the administrative charge).

A "claim of discrimination based on age, color, or sex is not 'like or reasonably related to' a claim of race discrimination." *Laws v. Norfolk S. Corp.*, 2015 WL 5886069, at *3 (E.D. Mo. Oct. 8, 2015) (quoting *Wedow v. City of Kan. City*, 442 F.3d 661, 672 (8th Cir. 2006)); *see also Jackson v. Minn. Dep't of Hum. Servs.*, 2021 WL1111075, at *6 (D. Minn. Mar. 23, 2021) ("The Eighth Circuit has not addressed this question, but other courts have drawn a clear distinction between 'race' and 'color' for these purposes.") (collecting cases). Additionally, Plaintiff's claim of color-based discrimination is unrelated to his claims for age discrimination or hostile work environment and retaliation. As a result, Plaintiff's claim of discrimination based on his color brought pursuant to Title VII will be dismissed under 28 U.S.C. § 1915(e). The Court will issue process on Plaintiff's remaining claims in this lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed In Forma Pauperis, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claim for discrimination based on color under Title VII of the Civil Rights Act of 1964 is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to be issued on Plaintiff's remaining claims in the Complaint, including Plaintiff's claims against defendant Mills Properties for age and race discrimination, a hostile work environment/ harassment and retaliation. Defendant shall be served with summons by the U.S. Marshals

3

Service by serving Defendant's registered agent:  Kirk R. Mills, 2650 S. Hanley Road, Suite 200, St. Louis, Missouri, 63144.

    **IT IS FINALLY ORDERED** that an appeal of this Order would not be taken in good faith.

    An Order of Partial Dismissal shall accompany this Memorandum and Order.

    Dated this 24th day of July, 2024.

                                                    _____
                                                    SARAH E. PITLYK
                                                    UNITED STATES DISTRICT JUDGE