# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANTOINE SHOCKLEY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:24-cv-00771 SEP |
| ) | |
| MILLS PROPERTIES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Antoine Shockley's Motion to Appoint Counsel, Doc. [3]. For the reasons set forth below, the motion is denied.

In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *See Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams*, 788 F.2d 1219, 1322 (8th Cir. 1986). When determining whether to appoint counsel for an indigent litigant, the Eighth Circuit has instructed courts to consider the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Id*. (citing *Phillips*, 437 F.3d at 794).

Plaintiff has not shown that he cannot adequately present his claims to the Court, and nothing in the record indicates that the factual or legal issues are sufficiently complex to justify the appointment of counsel. Thus, the Court will deny the motion without prejudice.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. [3], is **DENIED** without prejudice.

Dated this 30th day of October, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE